O. D. WAYMAN, Appellant, v. CITY OF CHEROKEE, Appellee.

No. 39508.

JUNE 24, 1929.

*Claud M. Smith,* for appellant.

*J. F. Loughlin,* for appellee.

GRIMM, J.—This is the second appeal in this case. See 204 Iowa 675.

It is alleged in the petition, among other things:

"That, during the months of September and October, 1924, the plaintiff herein, at the special instance and request of the defendant city, performed all the work, labor, and repairs, and furnished the materials and labor, all as is more fully set forth and enumerated and specified in the bill of particulars hereto attached, marked 'Exhibit A,' and made a part of this petition, for repairs and improvements upon the streets, alleys, and avenues of said city, as aforesaid.

"That the said work, labor, and materials as aforesaid were

of the reasonable and just value as is set forth in said bill of particulars as aforesaid and charged therefor.''

Exhibit A, attached to the petition, is an itemized statement of work, labor, and repairs on the streets and alleys in said city, in which, item by item, the number of square feet and the depth of the paving are specified, followed by a unit charge per foot for the work. This applies also to crosswalks and terrace walks and cement work. There are also included in the bill some items for lowering and raising manholes.

The answer is a general denial, except as hereinafter specified. The answer admits that plaintiff performed certain work and furnished certain materials, but alleges the fact to be that said work was performed and the said materials were furnished not at the special instance and request of the defendant. There is also a claim that the work was ordered by J. D. Wayman, the father of the plaintiff, without authority on behalf of the city. It is also claimed that the said J. D. Wayman, who was then a member of the city council, was interested in the work, and therefore the entire transaction was illegal. A motion made at the close of the plaintiff's evidence, which was sustained by the court, is as follows:

''And now at this time, the plaintiff having rested, the defendant moves the court to take from the consideration of the jury all of the items in Exhibit A, with the exception of the $3.00 item for lowering a crossing on Dakota Street, north side, across Clark Street, and one $20.00 item for lowering manholes on North First Street, for the reason that all other items in Exhibit A appear to have been performed under a direct contract, at a stated and agreed price.

''2. The plaintiff in his petition seeks to recover on a *quantum meruit* basis for the reasonable value of the work done, and the undisputed evidence shows that all the items in Exhibit A, with the exceptions of the ones above noted, were performed under an agreed contract and at an agreed price.

''3. Plaintiff has pled on a *quantum meruit* basis for recovery on these items, and has proved a direct contract.''

The sole question before this court is whether the foregoing motion was correctly sustained.

It appears from the record that the parties, on this trial at least, considered the action one brought on *quantum meruit*.

J. D. Wayman, the father of the plaintiff, who composed the street and alley committee of the city council of the city of Cherokee, Iowa, at the time in controversy, testifies, without objection, in substance, that he had a talk with the plaintiff prior to the time the work was done, to the effect that, while a certain contracting firm was engaged in doing the heavier portion of street improvements in the city of Cherokee, nevertheless there would be several smaller jobs which the city would like to have done by local contractors. A discussion was had as to the depth of certain surface improvements and what would constitute a reasonable price therefor, and it was finally understood and agreed between them that for all 6-inch work the price was to be 20 cents a square foot, and for 4-inch work the price was to be 15 cents a square foot. The said councilman testified that he had the work done from time to time, as the work "turned up." Further, he stated:

"Well, he did agree to do 6-inch work for 20 cents, and 15 cents for 4-inch work; that price was agreed to."

The plaintiff, O. D. Wayman, also testified on this subject:

"I talked with J. D. Wayman in reference to the price I would charge for any work I would do for said city at that time, as set forth in Exhibit A. I told him I would charge 20 cents a foot for concrete 6 inches thick, and 15 cents a square foot for concrete 4 inches thick. He said there was going to be a little work to be done, and he wanted to get a price; and he said he would let me do part of it, as the work came up and had to be done; and he had me go and do that work."

All of this testimony was introduced without objection, and is undisputed.

It thus clearly appears that the work was done under an express agreement as to the price per unit at which the work was to be done: to wit, 20 cents for 6-inch work, and 15 cents for 4-inch work. The plaintiff made no request for permission from the court to amend his petition to conform to this proof. There was no motion for a new trial. In *Lowery Co. v. Lamp*, 200 Iowa 853, this court said:

"If the evidence offered in a case shows only a right to recover on *quantum meruit*, it constitutes a fatal variance, when the cause of action is based on an express agreement."

It follows that, if the evidence offered in a case shows only a right to recover on an express contract, it constitutes a fatal variance, when the cause of action is based on *quantum meruit*. The plaintiff's petition in this case is in one count, and based on *quantum meruit* only. The appellant states to this court that the suit is on *quantum meruit*. The plaintiff's uncontradicted evidence shows a definite contract unit price. The defendant's motion was rightfully sustained. The case is—*Affirmed*.

ALBERT, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.