UNITED STATES of America

v.

**METRO DEVELOPMENT CORPORATION and Victor D. Maslia, Individually and as President of Metro Development Corp.**

Civ. A. No. 18460.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 27, 1973.

Elliott L. Richardson, Atty. Gen., John W. Stokes, Jr., U. S. Atty., N. D. Ga., Atlanta, Ga., for plaintiff.

Shulman & Shulman, Atlanta, Ga., for defendants.

## ORDER

ALBERT J. HENDERSON, Jr., District Judge.

This is an action brought by the Attorney General on behalf of the United States, pursuant to 42 U.S.C. § 3613, seeking relief for alleged violations of Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 et seq. (the "Fair Housing Act"). Jurisdiction is asserted under 28 U.S.C. § 1345 and 42 U.S.C. § 3613. Presently to be considered is the defendants' motion for more definite statement made pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. The defendants also request a hearing on this matter as provided by Local Rule 8(d) of the United States District Court for the Northern District of Georgia.

The complaint in substance alleges that the individual and corporate defendants operate apartment complexes subject to their control in a racially discriminatory manner. More specifically, the defendants have allegedly "made apartments unavailable to black persons" and "discriminated against black persons in the terms and conditions" of apartment rental. This alleged conduct is claimed to constitute a pattern and practice of resistance to the rights secured by Title VIII making it an issue of general public importance within the meaning of 42 U.S.C. § 3613.

The plaintiff seeks generally to enjoin the defendants, their employees, agents, successors and all those acting in concert with them from continuing these discriminatory practices and from:

> Failing or refusing to take such adequate affirmative steps as may be necessary and appropriate to correct the effects of past unlawful practices described in this complaint.

Complaint, Prayer for relief, par. 1(d). This apparently is the nature of relief customarily sought in similar actions brought under Title VIII. See e. g., United States of America v. Pelzer Realty Co., 484 F.2d 438, (5th Cir. 1973).

The defendants' motion for a more definite statement is directed to two specific aspects of the complaint. First, they claim that the request for relief in paragraph 1(d) is so vague and ambiguous that they cannot be reasonably required to frame a responsive pleading. They therefore seek a more detailed and specific explanation of the source and nature of the relief sought under that paragraph. Secondly, the defendants contend that the plaintiff should be required to set forth the time and place of the specific incidents forming the basis of the general allegations of racial discrimination in violation of Title VIII in order for them to frame a proper responsive pleading.

Rule 12(e), Fed.R.Civ.P. provides in relevant part that:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading.

The propriety of granting such a motion lies completely within the sound discretion of the trial court. Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126 (5th Cir. 1959). Exercise of that discretion

here leads to the conclusion that this complaint is not so vague and ambiguous as to fall within the purview of Rule 12(e).

The defendants' assertion concerning the sufficiency of Paragraph 1(d) of the prayer for relief can be disposed of on the same basis employed in United States v. Northside Realty Associates, 324 F.Supp. 287 (N.D.Ga.1971). That Title VIII case involved a prayer for relief virtually identical to the one here. Also, the defendants there moved for more definite statement contending that such a prayer was insufficient in the same five respects advanced by the present defendants. After a thoughtful analysis, however, Judge O'Kelly ultimately dismissed that motion, holding that a more definite statement of that prayer for relief was not necessary to frame a responsive pleading.

██ Briefly, the reasoning underlying the result in *Northside Realty, supra,* centered on the fact that the defendants' objection of lack of specificity went not to the statement of the claim for relief, but to the prayer for relief. Although Rule 8(a)(3), Fed.R.Civ.P. requires as an essential part of a complaint a demand for judgment for the relief to which the plaintiff deems himself entitled, Rule 54(c), Fed.R.Civ.P. makes it clear that such a prayer does not bind the party since:

> . . . every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

Thus, the relief ultimately allowed is a function of the facts as adduced during the course of the entire proceeding and is not limited by the scope of the prayer in the complaint. See Equity Capital Co. v. Sponder, 414 F.2d 317, 319 n. 1 (5th Cir. 1969). A more definite statement of the relief sought would not necessarily bear on the relief eventually granted and attempts to pin the plaintiff down at the pleading stage to the scope of equitable relief ultimately available to him are, therefore, futile.

The plaintiff here is clearly seeking equitable relief for alleged violations of a statutory right. Greater specificity of such relief is not essential to provide the defendants with reasonable notice of the substantive claim lodged against them in order for them to adequately form their answers in a manner complying with the minimal duty imposed by Rule 8, Fed.R. Civ.P. Rule 8(b) requires only that they pose "defenses to each claim asserted" by the plaintiff, and the demand for relief is not considered part of the statement of such claims. 5 Wright & Miller, Federal Practice and Procedure, Civil § 1255, pp. 251–252 (1969).

The defendants' challenge here, however, goes beyond that raised in *Northside Realty, supra,* in that it seeks a more definite statement of the allegations of violation by the defendants of the rights secured by Title VIII. Nevertheless, the court is unable to conclude that these allegations lack the requisite specificity to withstand a Rule 12(e) motion.

██ Rule 8 forms the cornerstone of the system of pleading under the Federal Rules of Civil Procedure. Under that rule, the principal function of pleadings is to give the adverse party fair notice of the claim asserted in the form of a generalized summary sufficient to allow that party to make an adequate response. 2A Moore's Federal Practice, Para. 8.13 (1972); 5 Wright & Miller, Federal Practice and Procedure, Civil § 1202 (1969). This limited role of the pleadings is necessarily interrelated with the operation of Rule 12(e). The United States Fifth Circuit Court of Appeals stated:

> In view of the great liberality of F.R. Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a

plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss.

Mitchell v. E-Z Way Towers, Inc., *supra*, 269 P.2d at 132. Thus, if a complaint satisfies Rule 8 and gives fair notice of the nature of the claim to the adverse party, a motion for more definite statement will not be granted. 2A Moore's Federal Practice, Para. 12.18, p. 2389. Moreover, in determining whether the defendants can reasonably be expected to respond to the claims asserted, the complaint must be measured in light of the minimal requirements for a responsive pleading imposed on the adverse party by Rule 8(b). 5 Wright & Miller, *supra*, § 1377, p. 748. For these reasons, motions for more definite statement are not favored. United States v. Georgia Power Co., 301 F.Supp. 538 (N.D.Ga. 1969).

■ Here, the challenged allega-, tions assert violations in substantially the statutory language of Title VIII itself. See 42 U.S.C. § 3604. This state-. ment of the claim is clearly sufficient under Rule 8(a)(2) to give the defendants fair notice of the claims against them and to enable them to frame responsive pleadings thereto. See United States v. Bob Lawrence Realty, Inc., 313 F.Supp. 870 (N.D.Ga.1970); *cf.* United States v. Gustin-Bacon Division, 426 F. 2d 539 (10th Cir. 1970), cert. den. 400 U.S. 882, 91 S.Ct. 63, 27 L.Ed.2d 63; United States v. Georgia Power Co., *supra*. Indeed, the defendants have placed themselves in a rather paradoxical position of contending on the one hand, that the claim lodged against them is so vague and ambiguous that they cannot adequately respond, while, on the other hand, they have submitted an answer responding to those same claims. The complaint sufficiently apprises the defendants of the nature of the claim so that they are able to answer with a good faith denial if they genuinely believe that they have not acted in violation of the law. *Cf.* Mitchell v. E-Z Way Towers, Inc., *supra*. In fact, that is precisely what they have done. See Defendants' Answer, Second Defense, Para. 5, 6 and 7. Probing for greater detail or specificity of the plaintiff's charges is more properly within the realm of the discovery provisions of the federal rules. Rule 12(e) is designed to remedy unintelligibility and not to uncover evidentiary matter as a substitute for the discovery process. 2A Moore's Federal Practice, Para. 12.18, pp. 2389, 2396.

■ The defendants' principle contention is that the time and place of the specific incidents upon which the claim is based is critical because they have only recently acquired control over these apartment facilities. Although a motion for more definite statement should be accorded somewhat greater deference when it seeks matter relating to a possible threshhold defense, even then, only in clear cases is it a proper and effective vehicle for forcing such disclosure. 5 Wright & Miller, *supra*, § 1376. Here, the defendants have posed this time factor as a defense in their answer. See Defendants' Answer, Third Defense. As evidentiary details come to light through discovery, this issue would be properly raised on a motion for summary judgment. *Ibid.*

■ The issues involved in this motion are clear and the parties have adequately briefed their positions on them. A hearing under Local Rule 8(d) is therefore unnecessary.

Accordingly, the defendants' motion for more definite statement and request for a hearing is denied.