TASCO, INC., Appellant,

v.

Eldon WINKEL, Appellee.

No. 62616.

Supreme Court of Iowa.

July 25, 1979.

C. Carleton Frederici, Patricia A. Shoff, and Steven L. Nelson of Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, for appellant.

David J. Price of Price, Correll & Sheerer, Cedar Falls, for appellee.

Considered by LeGRAND, P. J., and REES, HARRIS, ALLBEE, and McGIVERIN, JJ.

LeGRAND, Justice.

This matter is here for determination as to whether the trial court was right in granting defendant a summary judgment on plaintiff's claim for breach of an employment contract containing a covenant not to compete. We reverse and remand for trial on the merits.

Defendant was an employee of Tasco. Five years after he was first employed by that corporation, he signed an agreement he would not compete with his employer anywhere in the United States for a period of one year after leaving its employ. He allegedly violated this provision by associating with a competitor doing business in the

same locality immediately after leaving Tasco. This suit followed, asking both injunctive relief and damages.

The covenant in question is here set out:

For a period of 12 months after termination of the employment of the undersigned Employee, the Employee will not within the United States of America directly or indirectly own, manage, operate, control, be employed by, participate in, or be connected in any manner with the ownership, management, operation, or control of any business similar to the type of business conducted by Tasco, Inc. at the time of the termination of employment of the Employee.

■ Defendant left Tasco's employ on April 15, 1978. On April 17, 1978, he began new employment with Duane Wessels, Inc. Tasco's business was located in Shell Rock. Duane Wessels, Inc. operated out of Cedar Falls just 20 miles away. Duane Wessels had been president of Tasco until March 16, 1978. The ultimate question is whether the covenant set out above is valid and enforceable. We have recognized the validity of such a covenant "if it is reasonably necessary for the protection of the employer's business and is not unreasonably restrictive of employee's rights nor prejudicial to the public interest." *Ehlers v. Iowa Warehouse Co.*, 188 N.W.2d 368, 369 (Iowa 1971).

Defendant filed a motion for summary judgment, alleging "there is no real issue as to the facts and that hence as a matter of law the 'agreement' is not enforceable because of the oppressive restrictions therein and the bad faith involved in its execution."

Both sides submitted affidavits, and additional testimony was taken at the hearing on the motion. The trial court sustained the motion and we quote from the ruling:

In the present case there is a basis to conclude that the employer, Tasco, showed bad faith by requiring the defendant to sign such a broad restrictive covenant not to compete. This case can be compared with the *Baker* case. In both cases the employers have wide, but not nationwide, sales. The employer in the *Baker* case provided services in at least thirteen states . . . .. Tasco has sales in over twenty states . . . .. More important is the fact that the restrictive covenants in the *Baker* case and in the present case are very similar. The covenant in this case is even broader than the one found to be unconscionable in the *Baker* case. The Tasco covenant does not merely prohibit the defendant from working for a similar business in towns and cities where the employer did business at the time of termination as was the case in *Baker*, for the Tasco covenant prohibits the defendant from working for a similar business anywhere in the United States regardless of whether the employer ever made any sales in that area or not. The Tasco covenant appears to fall precisely within the rule in *Baker* which prohibits employers from placing the broadest possible restrictions on employees. The plaintiff argues that the covenant was not prompted by bad faith but by sound business judgment, citing the fact that nine employees had left Tasco and eight of them had gone to work for Wessels. This argument does support the need of some kind of covenant but it does not suggest any legitimate business interest for a broad restrictive covenant covering the entire United States.

It is apparent the trial court relied to a great extent on our decision in *Baker v. Starkey*, 259 Iowa 480, 144 N.W.2d 889, (1966). However, we point out *Baker* was decided on its merits after a full trial, not on a summary judgment motion. It is no authority for granting the motion in the present case.

The trial court's conclusion that the contract was unconscionable and therefore unenforceable as a matter of law was based largely on four undisputed facts:

(1) The agreement extends to the entire United States.

(2) Defendant was compelled to sign the agreement under threat of discharge.

(3) Defendant had been an employee for five years prior to the time of signing.

(4) The restrictive covenant was not part of his original contract.

All of these matters are significant and entitled to consideration by the trier of fact. However, the affidavits in resistance to the motion and the oral testimony at hearing offered plausible (though not necessarily persuasive) explanations for them.

The record shows Tasco operated throughout the United States. Its business was very specialized. It would go wherever the business was and it would sell any place. The record shows, too, that all key employees of Tasco were required to sign the same sort of covenant after eight employees had quit and competed with the company. In effect Tasco argues it is entitled to protect itself against similar future "raids" by demanding that its employees agree not to compete as a condition of their continued employment. These are matters upon which reasonable minds might disagree in deciding if the covenant is enforceable under the *Ehlers* standard. (188 N.W.2d at 369).

■ Under rule 237, Rules of Civil Procedure, summary judgments are granted when there is no genuine issue as to any material fact. The matters come up on affidavits, pleadings, answers to interrogatories, admissions on file, and affidavits. Rule 237(c), R.Civ.P. The court may, as it did here, permit oral testimony to supplement the record. Rule 237(e), R.Civ.P.

■ The trial court (and this court on review) must look at the whole record in the light most favorable to the one against whom the motion is made. The moving party has the burden to show the absence of a fact issue. Even if the facts are undisputed, summary judgment is not appropriate if reasonable minds may draw different inferences from them. *Drainage District No. 119 v. City of Spencer*, 268 N.W.2d 493, 499–500 (Iowa 1978); *Sand Seed Service, Inc. v. Poeckes*, 249 N.W.2d 663, 664–65 (Iowa 1977); *Daboll v. Hoden*, 222 N.W.2d 727, 731–33 (Iowa 1974).

■ In the present case the controversy centers around the area covered by the restriction and the conditions under which the agreement was obtained at all. Whether these circumstances constituted "taking unconscionable advantage" of defendant is a fact issue about which there is genuine and serious dispute and which cannot be determined on a motion for summary judgment.

The injunctive part of the requested relief is probably moot by now because more than one year has already passed since the termination of the employment. *See Nitta v. Kuda*, 249 Iowa 853, 857, 89 N.W.2d 149, 151 (1958). However, Tasco also seeks damages and is entitled to an opportunity to prove its loss from the alleged breach of contract.

We do not intend anything we have said to be taken as an opinion as to what the resolution of this case should be. We say only that a genuine issue of material fact exists and Tasco should have a trial on the merits. The case is reversed and remanded for such trial.

REVERSED AND REMANDED.