Ione LAMANTIA, Plaintiff–Appellant,

v.

Karen SOJKA, Supervisor of Nursing Education at Iowa Western Community College; Yvonne Stock, Coordinator of the ADN, PN and ORT Programs at Iowa Western Community College; and Jack W. Gell, Dean of Vocational–Technical Education at Iowa Western Community College, Defendants–Appellees.

No. 63701.

Supreme Court of Iowa.

Nov. 12, 1980.

Michael J. Winter, Council Bluffs, for appellant.

R. Laubenthal and Curtis Hewett of Smith, Peterson, Beckman & Willson, Council Bluffs, and Kenneth Sojka, Harlan, for appellees.

LARSON, Justice.

This is an appeal by Ione Lamantia from an order of the district court sustaining the appellees' combined motions for judgment on the pleadings and summary judgment. Because the appellant has sufficiently stated a claim for relief in her petition and a genuine issue of material fact exists, we hold that the motion for judgment on the

pleadings should have been overruled and that the motion for summary judgment should have been denied insofar as it sought dismissal of the appellant's claim in its entirety.

The parties to this litigation were employed by Iowa Western Community College in Council Bluffs: the appellant, from 1967 to 1976 as an instructor, and the appellees as supervisory employees, in the practical nursing program. In 1976, the appellant was released from her duties by the college. Thereafter, she filed a petition in district court alleging that the termination resulted from a memorandum authored by the appellees which was libelous per se, false, and misleading. The petition stated the appellees were employees of the college, but did not state whether they were acting within or without the scope of their employment in writing the memorandum. However, the appellant did claim that "the information and statements made and compiled by the three named Defendants in this 'memo' were done so maliciously, recklessly, in bad faith, and inspired by ill will toward the Plaintiff."

The appellees subsequently filed and the trial court sustained combined motions for judgment on the pleadings, Iowa R. Civ. P. 222, and summary judgment, Iowa R. Civ. P. 237, on the ground that the appellant failed to comply with the provisions of the tort claims act, chapter 613A, The Code 1977, specifically section 613A.5:

> Every person who claims damages from any municipality or any officer, employee or agent of a municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 or section 613A.8 or under common law shall commence an action therefor within six months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded.... No action therefor shall be maintained unless such notice has been

given and unless the action is commenced within two years after such notice.

It is undisputed that the college is a "municipality" under section 613A.1(1), and that the appellant did not allege service of notice of her claim upon the school as required by section 613A.5. Nor could she have alleged it truthfully because, in fact, such notice had not been given. Her time to do so was gone and with it her right to pursue the school or its employees under the tort claims act. But rather than excise that theory from the case by partial summary judgment, the trial court granted the appellees' motions for judgment on the pleadings and full summary judgment, and dismissed the action. The court erred in doing so because while it held the appellees could not be held liable *under* the provisions of chapter 613A, the appellant's theory of recovery was that the acts of the employees were *outside* its coverage and her petition adequately pled a claim against them under that theory.

■ I. *Sufficiency of the petition.* Suits against municipal employees in their individual capacities existed before the tort claims act, just as tort claims against other parties. *See Vermeer v. Sneller,* 190 N.W.2d 389, 391-92 (Iowa 1971). Except as modified by chapter 613A, such rights of action remain intact. Thus we held in a similar case against employees of a municipality that if the employee's acts are outside the scope of employment, the tort claims act is inapplicable and the notice of claim is not a prerequisite to suit. *Roberts v. Timmins,* 281 N.W.2d 20, 22 (Iowa 1979). The appellant urges that the petition here was sufficient to state such a claim; the appellees argue it was not. The statute describes "scope of employment" in this manner:

> A tort shall be deemed to be within the scope of employment or duties if the act or omission reasonably relates to the business or affairs of the municipality and the officer, employee, or agent acted in good faith and in a manner a reasonable person would have believed to be in and not opposed to the best interests of the municipality.

§ 613A.2, The Code 1977. The appellant claims that her allegation the appellees acted "maliciously, recklessly, in bad faith, and inspired by ill will toward the plaintiff" served reasonable notice to them that she would seek to show her acts to be outside the scope of their employment. While the petition did not allege the acts were outside the scope of employment, as was the case in *Roberts*, neither did it say they were within it. The petition only alleged that the appellees were employees of the municipality. We note in this connection that the appellant alleged acts of maliciousness, recklessness and *bad* faith, whereas scope of employment under the tort claims act encompasses only acts of employees in *good* faith and "in and not opposed to the best interests of the municipality." § 613A.2, The Code 1977.

Rule 67 provides a general guideline in measuring the sufficiency of a pleading, providing that "[t]he form and sufficiency of all motions and pleadings shall be construed and enforced to secure a just, speedy and inexpensive determination of all controversies *on their merits.*" Iowa R. Civ. P. 67 (emphasis added). And rule 69(a), in adopting the concept of notice pleading, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Iowa R. Civ. P. 69(a). This is identical to Federal Rule of Civil Procedure 8(a)(2), and interpretations of the federal rule show great liberality in assessing the sufficiency of pleadings.

The appellees' contention that one theory rather than another is evident in the pleading misses the point of rule 69(a): if the prima facie elements of the claim are stated, and this statement is fair notice to a defendant, the petition is sufficient. *Id.* at 8–130–8–131. *See Misco Leasing, Inc. v. Keller*, 490 F.2d 545, 548 (10th Cir. 1974) (dimensions of suit not determined by pleadings; pleading of theory of recovery not required). Under this concept, it has been said that the petition is only required to apprise a defendant "of the incident out of which the claim arose and the general nature of the action." *Roberts v. Acres*, 495 F.2d 57, 58 (7th Cir. 1974). *But see Gosha v. Woller*, 288 N.W.2d 329 (Iowa 1980) (theory neither pled nor previously recognized in Iowa adopted by trial court's ruling; minimal notice requirements of rule 69(a) held not satisfied).

One author has observed that, besides giving notice to the opposing party, pleadings have traditionally served three additional functions: (1) stating the facts relied upon; (2) narrowing the issues; and (3) providing a means for speedy disposition of sham claims and defenses. 5 Wright & Miller, Federal Practice & Procedure § 1202, at 59 -60 (1969). Modernized concepts of pleading and pretrial procedures, however, have all but eliminated the need for these three: relevant facts may be determined by discovery; issues may be narrowed by discovery, pretrial conference, or by partial summary judgment; and summary judgment provides an expeditious means of disposing of sham claims. *Id.*

It has been observed that under notice pleading rules "it is very difficult for counsel to draft a pleading so badly as to lose the rights of his clients," *id.* at 65; nevertheless, despite this broad range of tolerance, the notice pleading concept of federal rule 8(a) has been strongly defended on policy grounds. That reasoning favors a liberal application of our rule 69(a):

Even if it be assumed, as was argued consistently at the Senate hearings at the time the rules were adopted, that federal procedure leads to the issues not being defined and defendants being victimized by surprise, the retort is exceedingly clear. The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court. . . . The other remedies for defining issues in terms of their lowest common denominators are much more efficient and have the additional merit of advancing the

case towards its ultimate resolution on the merits.

*Id.* at 66.

While the petition here was not a work of pleading art, it satisfied rule 69(a) and was sufficient to state a claim under common law for acts arising outside the scope of the appellees' employment.

■ II. *Judgment on the pleadings.* Under a motion for judgment on the pleadings, a court is required to grant a party a judgment "to which he is entitled under the uncontroverted facts stated in all the pleadings . . . ." Iowa R.Civ.P. 222. Our holding under Division I that a claim was pled under common law for alleged wrongful acts of the appellees signals our view on the matter of judgment on the pleadings. The allegations of malice, ill will and bad faith, which we have said raise the claim of common-law liability, were denied by the appellees. These allegations were controverted in the pleadings and judgment under rule 222 was therefore not appropriate. *See Friedman v. Colonial Oil Co.*, 236 Iowa 140, 145, 18 N.W.2d 196, 198 (1945).

III. *Summary judgment.* Summary judgment provides a procedure for partial or full adjudication of cases on the basis of pleadings, affidavits, depositions, answers to interrogatories, and admissions contained in the record. Iowa R.Civ.P. 237. It is a necessary adjunct to notice pleading, to eliminate sham claims and defenses, 5 Wright & Miller, *supra* at 59–60, and should be granted upon a showing by the movant that there is no genuine issue of material fact. *Tasco, Inc. v. Winkel*, 281 N.W.2d 280, 282 (Iowa 1979).

■ In this case, summary judgment was proper as to part of the case. There was no genuine issue as to the fact of the appellant's failure to serve notice under section 613A.5 or to commence her action within the prescribed time. Thus any claim under the tort claims act is foreclosed; partial summary judgment on that issue under rule 237(d) would have been appropriate. Because there were genuine issues raised by the pleadings as to the appellant's common-

law claim, however, full summary judgment was not appropriate.

A movant has the burden of showing uncontroverted facts. *Id.* While a resisting party may not ordinarily rely upon the mere allegations of his pleading to defeat a summary judgment if affidavits or other proof shows a lack of genuine issues, Iowa R.Civ.P. 237(e), no such additional showing was made by the movant here as to the lack of a genuine issue on common-law liability. The petition alone was therefore sufficient to show a genuine issue of material fact, and the trial court erred in granting summary judgment on the issue of common-law liability.

An express request for *partial* summary judgment was not made here, but we believe it is appropriate and was necessarily included in the appellant's request for *full* summary judgment. It would be inappropriate to require the parties to start the litigation process anew without excising that theory which, under the uncontroverted facts, could not be pursued. This case illustrates the usefulness of partial summary judgment to narrow the issues raised under a "notice" pleading. *See* 5 Wright & Miller, *supra*, at 59–60.

The case is therefore affirmed in part, reversed in part and remanded for further proceedings in conformity with this opinion.

AFFIRMED IN PART, REVERSED IN PART.

All justices concur except ALLBEE, J., who concurs specially, joined by HARRIS and McGIVERIN, JJ., and SCHULTZ, J., who takes no part.

ALLBEE, Justice (concurring specially).

Because I am concerned that division I of the court's opinion may imply that under R.Civ.P. 69(a) there can never be a pleading for relief so badly drawn as to cause it to be found to fail to state a claim on which any relief can be granted, I concur only in the result of this case. Notice pleading notwithstanding, there should be a limit to the speculation one must indulge in to discern the basis of the pleader's claim. I do not

believe that notice pleading was intended to shift to the other party the burden of discovering that basis. Rather, I submit that the pleader should be required to plainly state the basis of his claim for relief as opposed to a bare averment that he wants relief and is entitled to it. *See* 5 Wright & Miller, *Federal Practice & Procedure* § 1202, at 64 (1969).

HARRIS and McGIVERIN, JJ., join this special concurrence.