Gerald E. BAWEK and New Hampshire Insurance Company, Appellants,

v.

KAWASAKI MOTORS CORPORATION, U.S.A., Jet Ski Division; Kreeb Brothers, Inc.; Lake Delhi Recreation Association, Inc., and Delaware County, Iowa, Appellees.

No. 65685.

Supreme Court of Iowa.

Dec. 23, 1981.

Thomas L. Staack and David L. Fenchel, of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for appellants.

Gary K. Norby and Chad C. Leitch, of O'Connor, Thomas, Hammer, Bertsch & Norby, Dubuque, for appellee Delaware County.

HARRIS, Justice.

Plaintiffs brought this suit for contribution and indemnity after paying damages to a person injured in a boating accident. Recovery was sought against other defendants on products liability theories. In this related but separable claim, plaintiffs sought contribution and indemnity against Delaware County and now appeal from a trial court ruling which dismissed the claims against the county. We affirm the trial court.

The plaintiff New Hampshire Insurance Company, as insurer, paid the claims in behalf of the plaintiff Gerald E. Bawek, the insured. For simplicity we shall refer to Bawek as the sole plaintiff. Because this is an appeal from dismissal on the pleadings we take the facts as alleged in the petition.

On June 23, 1978, plaintiff operated his power boat on Lake Delhi in Delaware County. Kay E. Kreeb had been operating a water vehicle described as "a Kawasaki jet ski" in a portion of the lake which was open to machine powered vehicles. She was lying flat in the water, on her stomach, attempting to remount the jet ski when she was struck by plaintiff's power boat. As a result of the accident the plaintiff paid a substantial sum to Mrs. Kreeb and her husband for injuries sustained in the accident.

The gist of plaintiff's dismissed claim against the county is that the county was negligent in its failure "to set and enforce rules and regulations regarding the operation and use of powered vessels on Lake Delhi." Plaintiff believes that such a duty can be inferred from what he says are five operative facts alleged: (1) defendant is a county, (2) plaintiffs were injured, (3) the accident occurred on Lake Delhi, Delaware County, Iowa, (4) damages result from personal injuries sustained on Lake Delhi, and (5) Delaware County was negligent in "its common law duty to exercise ordinary care under the circumstances."

Plaintiff believes that, with the advent of "notice pleading," under Iowa R.Civ.P. 69, his allegations are enough. He thinks his allegations constitute "a short and plain statement of the claim showing [he] is entitled to relief," under rule 69. Technical forms of pleading are now abolished. Iowa R.Civ.P. 67.

Citing *Symmonds v. Chicago, M., St. P. & P. R. Co.*, 242 N.W.2d 262, 264–65 (Iowa 1976), and *Lindquist v. D. M. Union Ry. Co.*, 239 Iowa 356, 360, 30 N.W.2d 120, 122 (1947), the plaintiff argues that breach of a common law duty can be inferred from the foregoing. That duty is to set and enforce rules and regulations to govern the operation of power boats on the lake.

Notice pleading, though in many ways revolutionary, does not go far enough to rescue plaintiff here. It does not create a duty where it would otherwise not exist. We know of no statutory or common law duty which would require a county to adopt or enforce rules for operating vessels on all bodies of water which might exist within the county. Neither can we imagine how such a duty could arise only by reason of the facts which plaintiff alleges. The principal fact alleged is the existence of the lake within the county. This is not enough to support plaintiff's assertion of the existence of some common law duty to adopt water traffic regulations. The trial court was right in dismissing plaintiff's claim against the county.

AFFIRMED.

All Justices concur except REYNOLDSON, C. J., and LARSON and McCORMICK, JJ., who dissent.

LARSON, Justice (dissenting).

In the present case, the petition detailed the facts of the accident; it alleged that the defendant county was "responsible for setting rules and regulations regarding the operation and use of machine vessels on Lake Delhi" and that it had "failed to promulgate and enforce rules regarding the use of Jet Skis . . . for the safety of users of that equipment." The plaintiffs also alleged a failure to post rules and negligence by the defendant county in allowing the use of Jet Skis in the same areas as high-powered boats.

The majority holds that the plaintiffs' claim, while it alleged the existence of a duty, must nevertheless fail because the *source* of the defendant's duty is not detailed. However, under our present pleading rules, if the prima facie elements of the claim are stated, and this statement is fair notice to a defendant, the petition is sufficient. Thus it need only apprise a defendant of the incident involved and the general nature of the action. *Lamantia v. Sojka*, 298 N.W.2d 245, 247 (Iowa 1980). The pleading of a legal theory of recovery, which the majority demands here, is not required. *Id.; Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974) (applying similar federal rule), 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1219, at 142–43 (1969). The rule is a salutory one; it will not allow the loss of a valid claim because of ineptness in pleading. It has been said in fact, that "it is very difficult for counsel to draft a pleading so badly as to lose the rights of his clients." 5 Wright & Miller, *supra*, § 1202, at 65.

It is too early, at the pleading stage, to pass judgment on the plaintiffs' claim here. A duty might arise from a source other than a statute, for example, in the case of a duty actually undertaken, gratuitously. *Restatement (Second) of Torts* § 324A (1965); *Thompson v. Bohlken*, 312 N.W.2d 501, 506–507 (Iowa 1981). This, or some other basis of liability, might well require discovery to establish; it is premature to test the sufficiency of the claim before that opportunity ·is given to the plaintiffs. If such a theory appears viable after the facts are developed, it should be allowed to proceed. If no theory may be so developed and the plaintiffs are unable to show a duty on any other basis, it is a sham claim and is subject to a motion for summary judgment, *Lamantia v. Sojka*, 298 N.W.2d at 247.

A motion to dismiss should only be sustained if it is certain that the plaintiffs could not recover under any state of facts which could be proved in support of the claim. *Orr v. Lewis Central School District*, 298 N.W.2d 256, 258 (Iowa 1980); *Giltner v. Stark*, 252 N.W.2d 743, 744 (Iowa 1977); 5 Wright & Miller, *supra*, § 1215, at 113.

We cannot say with that certainty the plaintiffs here could not recover under any facts proven. I would hold the motion to dismiss was improperly granted.

REYNOLDSON, C. J., and McCORMICK, J., join this dissent.