# IN THE COURT OF APPEALS OF IOWA

No. 18-0241
Filed October 9, 2019

**JADER ENTERPRISES, L.L.C.,**
    Plaintiff-Appellant/Cross-Appellee,

**vs.**

**DONALD BUHR,**
    Defendant-Appellee/Cross-Appellant.

_____

Appeal from the Iowa District Court for Fayette County, John J. Bauercamper, Judge.

Jader Enterprises, L.L.C. appeals, and Donald Buhr cross-appeals, from the district court's ruling on a breach-of-contract action. **REVERSED AND REMANDED.**

Jesse M. Marzen of Marzen Law Office, Waverly, for appellant.

James S. Updegraff, West Union, for appellee.

Considered by Vaitheswaran, P.J., Doyle, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VAITHESWARAN, Presiding Judge.**

Jader Enterprises, L.L.C. (Jader) performed construction work for Donald Buhr but did not receive full payment for its services. Jader sued Buhr for breach of an oral contract. Buhr counterclaimed for damages resulting from what he characterized as shoddy workmanship. The district court found "it was impossible for either party to fully perform this project." The court denied the claim and counterclaim.

On appeal and cross-appeal, the parties disagree with the district court's finding that the contract was impossible to perform. We will affirm the finding only if substantial evidence supports it. *See EnviroGas*, *L.P. v. Cedar Rapids/Linn Cty. Solid Waste Agency*, 641 N.W.2d 776, 781 (Iowa 2002).

"The doctrine of impossibility of performance is recognized in Iowa as an excuse for nonperformance generally where that which has been promised becomes objectively impossible to perform due to no fault of the nonperforming party." *Nora Springs Coop. Co. v. Brandau*, 247 N.W.2d 744, 747 (Iowa 1976) (emphasis removed); *accord DuTrac Cmty. Credit Union v. Radiology Grp. Real Estate*, *L.C.*, 891 N.W.2d 210, 217 (Iowa 2017). "Impossibility of performance refers to extraordinary circumstances which could not have been anticipated and which arise without fault on the part of the one seeking to avoid performance." *Associated Grocers of Iowa Coop.*, *Inc. v. West*, 297 N.W.2d 103, 108 (Iowa 1980). The district court quoted Uniform Jury Instruction 2400.9 on impossibility of performance, as follows:

> Instruction No. 2400.9 defines "impossibility of performance" as extraordinary circumstances which:

[a] Prevent a person from carrying out the terms of the contract;
[b] Could not reasonably have been anticipated; and
[c] Are not the fault of that party.

The appropriate remedy is usually rescission of the contract which will return both parties to the position they were in prior to making the contract, with due application of equitable principles.

Jader elicited the following facts in support of its breach-of-contract claim. Buhr hired Jader to renovate his house, garage, and dairy barn. No contract was signed. Jader's owner, James Rubner, who had known Buhr for years, verbally agreed to perform the work on a "time and materials basis."

Rubner invoiced his work, and Buhr initially paid the invoices as they came in. In time, Buhr stopped making payments. According to Rubner, the outstanding unpaid total was $65,271.49. Rubner testified the amount was due and owing because Jader "had done what [it] had been hired to do."

Rubner acknowledged he left two "loose ends" on the projects. In his words, "We had some clear panels we still had to put on the [barn], some plastic inside the robotic room we had to put . . . on." Although he purchased the plastic, he declined to install it because "at that point [he] was out a bunch of money." There also were "maybe eight pieces of siding to put" on the house. Nonetheless, Rubner decided "to pull out and—and leave the project the way it was." He stated, "As far as [he] was concerned, [the Buhr's farm was] up and running; it was done." Jader did not intimate that the projects he took on for Buhr were impossible to complete.

Similarly, Buhr made no such intimation. To the contrary, Buhr testified Jader performed the work but the work was defective or incomplete, entitling him to damages on his counterclaim.

In sum, impossibility of performance was not an issue raised or tried by the parties. Jader alleged the company did what was required by the verbal contract, Buhr breached the contract by declining to fully pay the invoices, and Jader was damaged as a result. *See Royal Indem. Co. v. Factory Mut. Ins. Co.*, 786 N.W.2d 839, 846 (Iowa 2010) ("To prevail on a breach of contract claim, Royal was required to prove: (1) the existence of a contract, (2) the terms and conditions of the contract, (3) that [plaintiff] has performed all the terms and conditions required under the contract, (4) the defendant's breach of the contract in some particular way, and (5) that plaintiff has suffered damages as a result of defendant's breach."). Buhr alleged Jader completed the projects in an "unworkmanlike manner" and he suffered damages as a result. *See generally Rosauer Corp. v. Sapp Dev., L.L.C.*, 856 N.W.2d 906, 908–10 (Iowa 2014) (discussing implied warranty of workmanlike construction). Because neither was focused on impossibility of performance, the record lacks substantial evidence to support a finding that it was "objectively impossible" for Jader to perform the contract or for Jader to repair or complete the work on which Buhr's counterclaim was premised. *Cf. DuTrac Cmty. Credit Union*, 891 N.W.2d at 217–18 (noting it was "objectively impossible for the committee to meet to approve any buildings or structures" because "[o]ne member of the committee is deceased, and the other refuses to act on the committee's behalf" and "[t]he committee has no acting members and no succession plan to appoint new members"); *Associated Grocers*, 297 N.W.2d at 108 ("The matters about which West complains were reasonably to be anticipated and could easily have been guarded against by the parties."). The

finding that "it was impossible for either party to fully perform this project" was made without prompting by or notice to the parties.

This brings us to the question of disposition. After finding impossibility of performance, the district court found "insufficient evidence" to resolve the claim and counterclaim. Jader argues that, although the district court "incorrectly ruled that the terms of the contract were unclear, causing an impossibility of performance," there was "sufficient proof [it] performed its obligations pursuant to the contract," and we should reverse and remand "for entry of" judgment in its favor "in the amount of $65,271.49." Buhr counters that the district court correctly found insufficient evidence to support Jader's claim but incorrectly found insufficient evidence to support its counterclaim. In his view, "the counterclaim should be remanded for new trial while the decision on Jader's claim should be sustained and affirmed."

Generally, whether the evidence is sufficient or insufficient is an issue we could resolve on appeal. *See Condon Auto Sales & Serv.*, *Inc. v. Crick*, 604 N.W.2d 587, 601 (Iowa 1999) ("[T]he trial court properly concluded there was insufficient evidence to show the damages were a proximate cause of any breach of duty."). The problem here is that the court's finding of insufficient evidence was intertwined with its finding of impossibility of performance. On the one hand, the court found "an agreement to build a house addition and remodel a dairy barn" on a "time and materials" basis. On the other, the court found "the exact terms of what was to be provided [was] impossible for the court to determine," making it

"impossible for either party to fully perform" the project.[1] The "impossibility finding" underpinned the court's finding that "[i]nsufficient evidence was presented to determine whether the amount of money paid for the services and materials rendered were adequate to compensate the plaintiffs" and "insufficient evidence was presented to determine the defendants' counterclaim." Because the underlying finding of impossibility lacked evidentiary support and because there were no findings on the key elements of Jader's claim and Buhr's counterclaim, we cannot decide whether there is sufficient evidence to support the claim and counterclaim.

We reverse and remand for a new trial on both. *See Scott v. Grinnell Mut. Reins. Co.*, 653 N.W.2d 556, 562–63 (Iowa 2002) ("Grinnell was plainly prejudiced by submission of the case under a legal theory at variance with the proof and defense anticipated by the litigants both before and during the trial."); *see Gosha v. Woller*, 288 N.W.2d 329, 332 (Iowa 1980) ("[A]lthough [plaintiff's] petition was limited to the theory of express warranty the evidence was not."). As in *Gosha*, fairness dictates that we reverse and remand for new trial so that the elements of the claims, and the sufficiency of the defenses, may be adequately addressed based on the case being tried."); *S*

**REVERSED AND REMANDED.**

---

[1] It could be argued the court used "impossible" in its commonly understood sense and not as a term of art. But, because the court cited the uniform jury instruction on impossibility, we conclude the court intended to ascribe the legal meaning to the term.