MRS. M. FRIEDMAN, Appellee, v. COLONIAL OIL COMPANY, Appellant.

No. 46665.

APRIL 3, 1945.

R. E. Hanke, of Des Moines, for appellant.

Alan Loth, of Fort Dodge, and Brammer, Brody, Charlton & Parker, of Des Moines, for appellee.

OLIVER, J.—Defendant is an oil company with offices in Des Moines. Plaintiff owned a filling station near her home in Eldora. She was unable to read English. November 15, 1940, defendant leased the filling station for the term of four years ending November 15, 1944, at $50 per month, payable in advance. Plaintiff's son-in-law, Nathanson, a businessman living in Clinton, executed the written lease as her agent. Until August 1942, defendant sent checks for the monthly rentals by mail from Des Moines to Nathanson at Clinton.

In the summer of 1942 plaintiff became mentally ill and left Eldora to reside with a daughter at Forest City, Iowa. Defendant received a letter from Nathanson, dated August 21, 1942, which stated:

"As of this date, I relinquish all interest in this property and in the future I ask that you make checks payable to Mrs. M. Friedman and forward them to Forest City, Iowa, at which place she now lives."

Nathanson sent a copy of this letter to plaintiff's daughter. Upon receiving it plaintiff asked the daughter to take charge of

the property. Defendant mailed the September 15, October 15, and November 15, 1942, checks to plaintiff at Forest City.

December 15 or 16, 1942, defendant abandoned the filling station. About January 4, 1943, defendant received the following letter from plaintiff's daughter, Jeanette Friedman:

"Being it is almost three weeks past the regular time we usually have been receiving check for the rent for the filling station you have been operating in Eldora, mother has been wondering why we have not received same, and therefore has asked the writer to write you. Your check has probably gotten lost. Will appreciate hearing from you by return mail * * *."

Defendant did not answer this letter. Subsequently plaintiff elected to declare due, under an acceleration clause in the lease, the unpaid rental for the entire period and instituted this suit for $1,150. Trial to a jury resulted in verdict and judgment for plaintiff for $800. Both parties have appealed.

I. The lease contains the following provision:

"The said lessee is given the right to cancel this lease on any anniversary of November 15th, during the period of this lease by giving thirty days notice in advance of the anniversary."

Defendant's answer asserted it had canceled the lease as of November 15, 1942, and denied liability for any rental after said date.

The court instructed the jury that defendant had failed to establish this defense. Defendant predicates error upon said instruction.

Defendant relies upon a notice of cancellation sent by mail to Mr. Nathanson, at Clinton, but which Nathanson testified he did not receive. This notice was mailed to Nathanson October 10, 1942, almost two months after defendant had received the letter from Nathanson notifying defendant that Nathanson's agency for the property was terminated, and after defendant had ceased sending Nathanson its checks for rent.

A principal is not charged with notice given a former agent by a person who knows the agency has been terminated. 3 C. J. S. 206, 207, section 274; Mosnat v. Berkheimer, 158 Iowa

177, 139 N. W. 469. Therefore, notice to Nathanson would not be notice to plaintiff.

Nor would the notice have terminated the lease had it been given to plaintiff. It stated:

"In view of the uncertainty of the gasoline business and with the gasoline rationing apparently spreading to the West, you are advised that the writer, for his company, is terminating this lease, in accordance to its terms, and will remain a tenant therein from one month to another, and with surrender of the premises at the end of the month is to constitute the only notice of intention to quit, by the lessee."

The statement that the lease was terminated was coupled with the further statement that defendant "will remain as a tenant" in the premises with the right to surrender them at the end of any month without notice. This was not an exercise of the right to terminate the lease. Notice of intention to exercise such an option must be unequivocal and unconditional. Fotteral v. Armour, 218 Pa. 73, 66 A. 1001; Epes v. Palmieri, 181 Va. 332, 25 S. E. 2d 279. The statement that defendant proposed to remain in the premises was inconsistent with the exercise of the option to terminate the lease. Viewed as a whole, the notice prepared by defendant was merely an attempt to change the terms of the lease without plaintiff's consent.

The court did not err in instructing the jury to disregard this defense.

II. Other errors are assigned by defendant to instructions dealing with the duty of plaintiff to endeavor to relet the property. We have held that when a tenant abandons leased premises the landlord is under a duty to use reasonable diligence to relet the property and thereby obviate or reduce the resulting damages. Benson v. Iowa Bake-Rite Co., 207 Iowa 410, 221 N. W. 464; Roberts v. Watson, 196 Iowa 816, 195 N. W. 211; Becker v. Rute, 228 Iowa 533, 539, 293 N. W. 18; 14 Iowa L. Rev. 359. Defendant contends the evidence conclusively shows plaintiff failed to exercise reasonable diligence to relet.

It appears without dispute that plaintiff and her daughter, who were living in Forest City, did not learn that defendant had abandoned the leased premises in Eldora until sometime

after December 15, 1942. At said time and thereafter plaintiff was confined in a hospital and her daughter had charge of her affairs.

There was evidence that plaintiff's daughter made unsuccessful efforts to relet the premises, in the course of which she contacted and corresponded with various parties. Defendant argues that the exercise of reasonable diligence required her to advertise in a newspaper or list the property for rent with an Eldora realtor. We cannot agree that she was necessarily required to adopt any specific method in endeavoring to relet the property. The evidence was sufficient to make the question of the use of reasonable diligence to relet one of fact for the jury.

Defendant contends also that the pleadings were insufficient to justify submission of said question to the jury. Assuming pleadings were necessary on this question, we think they were here sufficient to raise the issue, and the case appears to have been tried upon that theory. Hence the court did not err in submitting the issue to the jury.

III. Defendant also complains that the instructions required a verdict for plaintiff in some amount and to this extent constituted a directed verdict for plaintiff.

The duty of a lessor to use reasonable diligence to relet wrongfully abandoned property does not arise until he has reason to know of the abandonment. See Restatement of the Law, Contracts, section 336. Defendant did not notify its absentee lessor either before or after its wrongful abandonment of the property and she did not learn of it at once. Hence the court properly instructed the jury that plaintiff was, in any event, entitled to a verdict for rent from December 15, 1942, until such time as she knew or, in the exercise of reasonable care, should have known that defendant had abandoned the property.

IV. Plaintiff's appeal is limited in scope. After verdict, and presumably after judgment thereon, plaintiff moved for judgment for $1,150, asserting the $800 verdict was an allowance in full of all rent due to the time of the trial only, without any abatement for failure to use reasonable diligence to relet the property, and constituted a finding that plaintiff had exercised such diligence, and that such finding and the acceleration clause of the lease entitled plaintiff to recover rent

for the portion of the term after the trial. The court overruled plaintiff's motion and her appeal is from that order only.

We do not agree that the verdict indicates the allowance in full of plaintiff's claim for the term to the time of trial. Nor will it be presumed that the jury disregarded the instructions.

 Plaintiff's real complaint appears to be that the instructions were erroneous and did not permit the allowance of rent for the unexpired part of the term. Apparently she does not desire a new trial and therefore is unable to directly assail the instructions. She relies, in part, upon Rule 222, Rules of Civil Procedure. That rule permits judgment on the pleadings upon motion when some portion of the movant's claim or defense is not controverted. We have already pointed out that the pleadings were sufficient to raise the issue whether plaintiff used reasonable diligence to relet the property. Since plaintiff's claim was thus controverted she was not entitled to judgment under Rule 222 or Rule 243(a). We do not determine whether or not Rule 222 may be invoked after judgment.

 . Plaintiff relies also upon Rule 243(b) which permits judgment notwithstanding verdict when the movant's motion for directed verdict should have been sustained. In this case plaintiff's motion for directed verdict was based only upon the insufficiency of the record to establish the defense of cancellation. Although the court formally overruled said motion it did sustain plaintiff's contention by instructing the jury to disregard that defense.

The purpose of Rule 243(b) is to give the trial court an opportunity to correct its error in failing to sustain a motion for directed verdict. Here the motion for judgment was based upon a proposition not raised in plaintiff's motion for directed verdict. The situation was the same as though plaintiff had made no motion for directed verdict. Under the circumstances plaintiff had no right to the remedy which Rule 243(b) affords to a litigant whose motion for directed verdict has been erroneously overruled.

It is our conclusion that the order denying plaintiff's motion for judgment was not erroneous.

146

The judgment is affirmed on both appeals. The costs of plaintiff's brief are taxed to plaintiff. All other costs on appeal are taxed to defendant.—Affirmed.

All JUSTICES concur.