Genevieve VAWTER, Appellant,

v.

Joseph L. McKISSICK and Ivanelle
McKissick, Appellees.

No. 52946.

Supreme Court of Iowa.

June 11, 1968.

M. S. O'Brien, Oelwein, for appellant.

Darold J. Jack, Oelwein, for appellees.

MASON, Justice.

This is an action in equity by Genevieve Vawter as landlord to foreclose statutory and contract liens under a written lease and to obtain judgment for five months' rent, the balance of the term, and for certain items of expense incurred by landlord after abandonment of the premises by the tenants Joseph L. and Ivanelle McKissick. Trial court dismissed plaintiff's petition and she appeals.

The issue presented on this appeal is whether plaintiff-landlord exercised reasonable diligence to relet the premises in attempt to minimize damages caused by defendants-tenants' abandonment of the leasehold before expiration of the term.

I. There appears to be some doubt as to the extent of our review. Plaintiff's petition, based upon a statutory lien in one division and a contractual lien in the other, is captioned in equity. Defendants' answer is to "plaintiff's petition in equity", and the trial court decree ordered the "petition in equity" dismissed with prejudice. Defendants contend, although designated as in equity, the action is in fact at law and the court's findings of fact are binding upon us if supported by substantial evidence. They cite rule 344(f) (1), Rules of Civil Procedure.

The lease provided in part: "* * * It being further understood and agreed that in addition to the lien given by law that lessor shall have a lien for all rent and damages upon all property bought, kept or used upon said premises, whether exempt or not. * * *"

Thus in addition to a statutory lien for rent, plaintiff was given a contractual lien by this clause in the lease.

"A lease which in addition to the statutory lien makes the rent charge a lien upon the property of the tenant on the premises, whether exempt from execution or not, constitutes in effect a chattel mortgage or equitable lien. * * *

"* * *

"An action to enforce an equitable or contractual lien is properly brought as an action in equity. * * *" Beh v. Tilk, 222 Iowa 729, 731, 269 N.W. 751, 752, and citations; State v. Eagle Petroleum Co., Iowa, 153 N.W.2d 115, 120.

This being an equitable action, our review is de novo. Section 624.4, Code, 1966; rule 334, R.C.P. Especially when considering the credibility of witnesses we give weight to the fact findings of the trial court but are not bound by them. Authorities need not be cited for this. Rule 344(f) (7), R.C.P. When we give weight to the trial court's findings here we are not justified in disturbing them. City of Bettendorf v. Abeln, Iowa, 154 N.W.2d 836, 838.

II. Plaintiff owned a two-story building in Oelwein. June 25, 1960, she leased the first floor and basement to defendants for a drug store for the period from November 11, 1960 to May 31, 1966. In addition to a cash monthly rental of $180, defendants were to pay for all utilities and keep the sidewalks free from ice and snow. They entered into possession and paid the monthly rental through December 1965.

Early in 1965 defendants notified plaintiff they were going to sell out the business before the end of the year and would be giving up the premises. They closed their business in October but continued to pay rent as stated. December 31 they delivered the keys to the building to plaintiff, leaving them in the doorway of her home. Plaintiff found the keys and took charge of the property about that time. As there were tenants on the second floor, she had to provide fuel and arrange for snow removal.

At the expiration of the term plaintiff commenced this action for the unpaid rent ($900) and expenses of $114.14 incurred upon assumption of defendants' obligations under the lease.

Trial court found defendants effectively abandoned the premises as of December 31, 1965; plaintiff took charge of the property but failed to use reasonable diligence in attempting to sublet the building so any damages which might result would have been reduced or obviated; equipment consisting of three counters, refrigerator and safe still in the building and covered by attach-ment were purposely abandoned by defendants who no longer make any claim thereto. It thereupon dismissed plaintiff's petition and gave her the abandoned property.

Thus the only two questions the court found necessary for determination—did defendants effectively abandon the premises, and if so, did plaintiff exercise due diligence in attempting to re-lease the premises and mitigate her damages—were decided adversely to plaintiff.

III. Abandonment as applied to leases involves an absolute relinquishment of premises by a tenant, and consists of acts or omissions and an intent to abandon. Tuschoff v. Westover, 65 Wash.2d 69, 395 P.2d 630, 632.

Plaintiff admitted being advised in March defendants were closing out their business by the end of 1965, knowing the store was almost empty two or three months before Christmas and that defendants conducted no business there during november. She further admitted securing the keys and taking charge of the premises around December 31. From her visits to the premises she was aware defendants had removed everything except some old equipment of little value, later attached. She must have known defendants had no intention of maintaining the building after the end of 1965. In fact plaintiff argues defendants' removal of the store contents before delivering the keys to her and failure to reach by the attachment anything but the equipment mentioned indicate defendants had no intention of complying with the terms of the lease. It is clear defendants showed an intention to abandon the lease and plaintiff has no valid complaint with respect to the court's determination the premises were abandoned not later than January 1, 1966.

Plaintiff contends the court actually forfeited the entire debt due her on the theory defendants' abandonment of the premises terminated their further responsibility under the lease. What the trial court actual-

ly determined was as of that date there arose a duty on plaintiff's part to use reasonable diligence to relet the wrongfully abandoned property and thereby obviate or reduce the resulting damages. Friedman v. Colonial Oil Co., 236 Iowa 140, 144, 18 N. W.2d 196, 198.

■ IV. Under propositions relied on for reversal plaintiff further contends mitigation of damages is a special defense to be pleaded and proved by defendants; the trial court erred in placing the burden of proof of due diligence in mitigating her damages upon plaintiff; the expense items incurred by her in maintaining the abandoned leasehold were separable damages, mitigation of which was not put in issue by defendants' pleadings; and the trial court should have sustained her motion for a new trial.

The record does not support plaintiff's contention her claim for $114.14 was not put in issue by defendants' pleadings. In paragraph 8 of Division I of her petition plaintiff alleged a claim for expenses incurred which were defendants' obligations under the lease. This paragraph was incorporated by reference in Division II. In Division I, paragraph 4, defendants alleged in answer plaintiff had failed to mitigate her damages knowing defendants were vacating the premises prior to January 1, 1966, and the same would be available for other tenants. They specifically deny plaintiff's paragraph 8 in a later paragraph of that division and re-allege plaintiff's failure to mitigate her damages and incorporated both paragraphs by reference in Division II of their answer.

Defendants sought by the allegation contained in paragraph 4 and repeated in paragraph 8 of both divisions of their answer to avoid the whole of plaintiff's damages including the $900 claimed as rent.

Plaintiff misinterprets defendants' answer when she asserts they admitted the rental of $900 and that this plus expenses incurred were undisputed debts owed by defendants. Although defendants admitted execution of the lease, the agreed monthly rental, entry into possession and payment of the rental through December 1965, they denied all other allegations in the petition. Thus defendants' pleadings disputed plaintiff's right to recover for either of these items. The matter of mitigation was alleged as a special defense.

■ It would have been more desirable for defendants to have stated this special defense in a separately numbered division as provided in rule 79, R.C.P., but we agree the matter of mitigation was properly before the court as found by it in ruling on plaintiff's motion for a new trial.

■ We agree with plaintiff's contention that mitigation of damages is a special defense which defendant must plead and prove or be limited to circumstances growing out of plaintiff's testimony. Code sections 619.7 and 619.8 so treat the matter. Nizzi v. Laverty Sprayers, Inc., 259 Iowa 112, 143 N.W.2d 312, 318, and citations.

■ However, before a duty was imposed upon defendants to sustain this burden by the production of evidence, it was incumbent upon plaintiff to establish by a preponderance of the evidence her right to recover on her cause of action and the amount thereof.

■ V. In this state we are committed to the doctrine that when a tenant wrongfully abandons leased premises, the landlord is under a duty to show reasonable diligence has been used to relet the property at the best obtainable rent and thereby obviate or reduce the resulting damage. Roberts v. Watson, 196 Iowa 816, 820, 195 N.W. 211, 213; Benson v. Iowa Bake-Rite Co., 207 Iowa 410, 417–418, 221 N.W. 464, 467; Becker v. Rute, 228 Iowa 533, 539, 293 N.W. 18, 21; and Friedman v. Colonial Oil Co., supra, 236 Iowa at 143, 18 N. W.2d at 198.

The trial court held plaintiff had an affirmative obligation to show she did some-

thing beginning January 1, 1966, to try to relet the leased premises.

In Benson v. Iowa Bake-Rite Co., supra, 207 Iowa at 418, 221 N.W. at 467, we said, "The burden of proof was on the appellees [landlord] to show diligence in reletting the property. Woodbury v. Sparrell Print, 198 Mass. 1, 84 N.E. 441, [443]."

These authorities establish the rule that a showing of diligence in reletting the premises is an essential element of plaintiff's right to recover. As tending to support this position see Gordon v. Consolidated Sun Ray, Inc., 195 Kan. 341, 404 P.2d 949, 953, and citations.

■ The duty to plead a fact is ordinarily on the party who has the burden to prove it. York v. James, 60 Wyo. 222, 148 P.2d 596, 599. A party must allege every fact which he is required to prove. Alpine Forwarding Co. v. Pennsylvania R. Co. (2 Cir.), 60 F.2d 734, 736; Gunderson v. Gunderson, 4 Cal.App.2d 257, 40 P.2d 956, 957; Corley v. Centennial Construction Co., 247 S.C. 179, 146 S.E.2d 609, 613, and citations; and 71 C.J.S. Pleading § 6.

■ We hold that in an action brought by a landlord against a tenant who has wrongfully abandoned the leased premises prior to the expiration of the term, the landlord must allege and prove what he did in attempting to rerent the premises after he knew or should have known they were abandoned.

What plaintiff did in an effort to sublet her building are facts within her peculiar knowledge; it would seem only fair to require that she make them known. Under the doctrine to which we are committed by the authorities cited, it is plaintiff who fails if evidence is not introduced sufficient in quantity and quality to justify a finding of reasonable diligence.

The trial court did not err in placing the burden on plaintiff as to this issue.

VI. The court found plaintiff failed to use reasonable diligence in attempting to sublet her building. We set forth the evidence bearing upon this issue.

■ In reply to a question on cross-examination as to what she had done to find other tenants for the premises after receiving information in the spring of 1965 and observing defendants were actually leaving in November, plaintiff testified she put a "For Rent sign in the window or in the door." She discussed the rental of premises with a Mr. George Scherb who approached her about renting the building for a Watkins business. When he asked plaintiff if the building was available, plaintiff informed him there was a lease on it. When he asked her if that made a difference and whether he could still rent or sublet it, plaintiff replied, "If the McKissicks are willing."

Plaintiff also testified that about November 30 while she was sitting in a parked car, a Mrs. Robert Miller who operated a beauty business with her husband in Oelwein stopped, asked about renting the building and how much it rented for. When told $180 a month, Mrs. Miller replied they were "looking for a building, but that is a little too much for us to pay." Mrs. Miller never actually said what they were willing to pay. Plaintiff admitted she did not discuss terms with the Millers or again ask about their renting her building. Plaintiff testified also that when Mr. Miller was working in his new location she stopped but didn't inquire of him whether he was interested in renting her building.

In both cases prospective lessees contacted plaintiff. The record manifests a noticeable absence of any effort on plaintiff's part to fully explore the opportunities to rent the premises to the Millers and Mr. Scherb. Further, she gave no testimony of any affirmative act on her part to attempt to sublet, except to place a "For Rent" sign in the window. There is no evidence she ran any ads in the paper, contacted any

realtor or did any other act of an owner sincerely looking for a tenant.

The court stated it was his impression from hearing plaintiff's testimony she was more than happy to let the lease run out and attempt to collect the balance of the rent from defendants; and it was significant that while she claimed she was unable to rent the building during the rest of the term, she was able to rent it within seven days after the lease expired.

The action of the trial court in dismissing plaintiff's petition and giving her the abandoned property covered by the attachment is

Affirmed.

All Justices concur.