**D.R. MOBILE HOME RENTALS and Dwayne Eilers, Appellees,**

v.

**Marcell FROST, Appellant.**

**No. 95–178.**

Supreme Court of Iowa.

March 20, 1996.

Van T. Tran, Legal Services Corp., Waterloo, for appellant.

Dwayne Eilers, Waterloo, pro se.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

PER CURIAM.

The tenant, Marcell Frost, filed an application for discretionary review challenging the district court's ruling on her small claims appeal. The magistrate originally awarded D.R. Mobile Home Rentals and its manager, Dwayne Eilers, (hereinafter collectively referred to as landlord) damages for debris removal, carpet stains and unpaid rent. On appeal the district court affirmed the award for debris removal. However, the awards for carpet stains and a portion of the rent were set aside. The district court nonetheless assessed all costs of the appeal to Frost. We granted Frost's application for discretionary review. This review represents our first opportunity to address a landlord's duty to make reasonable efforts to rent a unit abandoned by a tenant under Iowa Code section 562A.29(3) (1993). We reverse and remand with directions.

I. *Factual Background.*

On April 30, 1993, Frost signed a written lease with the landlord to rent a mobile home (hereinafter referred to as dwelling unit or unit). The term of the lease expired on April 30, 1994. Frost's rental deposit was $140. The lease required monthly rent of $380. Frost qualified for housing assistance and was responsible for $83 of the monthly rent, with the remainder being paid by the Cedar Falls Public Housing Authority. Frost abandoned the unit on March 7, 1994, leaving debris, including five bags of garbage, on the property.

The landlord subsequently filed a small claims action against Frost seeking $2000 in damages. At the small claims hearing the

landlord amended this amount to approximately $1250, including claims of damage done to the unit and $200 in labor. Frost made a claim for her rental deposit of $140.

According to the magistrate's notes of the hearing, the landlord sought an award for April rent in the amount of $380. The landlord presented no evidence that any attempt was made to rerent the unit before Frost's rental term expired. Frost, however, submitted an exhibit showing that one Annette L. Gordon was billed for utility services at the unit from March 30 through April 7, 1994, and that one Susan L. Hemenway was billed for utility services there beginning April 25, 1994. Eilers admitted the unit was rented to both Gordon and Hemenway, but refused to provide information as to the terms of those rental agreements. The landlord also claimed $869.21 in damage to the unit, including over $400 to replace the carpet. However, the landlord presented no actual bills or receipts to substantiate any of its claims. Eilers testified he did not remove Frost's debris. The landlord's maintenance man indicated the dwelling unit was not rented in April because new carpet was being laid. He also testified he did not clean up Frost's remaining debris.

Don Thompson of the public housing authority inspected the property before Frost's occupancy. The magistrate's notes of Thompson's testimony indicate that except for red stains on the carpet and the debris left behind, the unit was in the same condition as it was before Frost moved in. Thompson testified the carpet did not need to be replaced and that the unit could have been rented for $380 per month without new carpet. Thompson testified the housing authority did not authorize occupancy of the unit after Frost left until May 2, 1994, because repairs made before that date were not proper. He indicated the bathroom violated housing standards.

Frost testified that she informed the landlord she was leaving on March 7, 1994. The magistrate's notes indicate Frost complained it was cold in the trailer, she could not get the furnace lit, and the shower was unsanitary. Frost testified she paid her portion of the March rent, and that she also offered to pay her portion of the April 1994 rent but the offer was refused. Frost testified Eilers' secretary accepted surrender of the keys without protest.

The presiding magistrate issued a ruling awarding the landlord $125 for carpet damage, $25 for debris removal, and $304 for the April rent prior to April 25, 1994. The magistrate allowed the award to be offset with Frost's $140 rental deposit, for a net award for the landlord of $314.

Frost appealed to the district court. In its de novo review the district court accepted Thompson's expertise in concluding the trailer could have been rented for the same amount as before without replacing the carpet and disallowed any award for carpet damage. The district court limited the landlord's award to $25 for debris removal—finding that amount "reasonable"—and $228 for unpaid rent. The district court found "[t]he fact that [the landlord] rented the trailer twice within six weeks after [Frost] vacated shows that he made reasonable efforts to rent the property and thereby satisfied the requirement of Iowa Code section 562A.29(3)." The court concluded however that Frost's rent liability should be prorated to account for eighteen days in April the unit was not rented to others. After offsetting Frost's rental deposit, the landlord's net award was $113. All appeal costs were assessed to Frost.

We granted Frost's application for discretionary review. The landlord has not filed a brief.

II. *Scope of Review.*

On discretionary review of a law action, this court's review is for errors at law. Iowa R.App.P. 4; *see Roeder v. Nolan,* 321 N.W.2d 1, 3 (Iowa 1982).

III. *Discussion.*

Frost contends the landlord was not entitled to recover any rent from her for April 1994 by operation of section 562A.29(3). Section 562A.29(3) provides:

If the tenant abandons the dwelling unit, the landlord shall make reasonable efforts to rent it at a fair rental. If the landlord

rents the dwelling unit for a term beginning prior to the expiration of the rental agreement, it is deemed to be terminated as of the date the new tenancy begins. The rental agreement is deemed to be terminated by the landlord as of the date the landlord had notice of the abandonment, if the landlord fails to use reasonable efforts to rent the dwelling unit at a fair rental or if the landlord accepts the abandonment as a surrender. If the tenancy is from month-to-month, or week-to-week, the term of the rental agreement for this purpose shall be deemed to be a month or a week as the case may be.

Frost argues her rental agreement was statutorily deemed terminated when the landlord rerented the unit, when the landlord failed to use reasonable efforts to rent a habitable unit, or when the landlord accepted the abandonment as surrender. However, we believe the landlord's case suffers a more fundamental flaw.

■ Section 562A.3 of the Uniform Residential Landlord and Tenant Act provides that "[u]nless displaced by the provisions of this chapter, the principles of law and equity in this state . . . supplement its provisions." We can find no reason to believe that the enactment of chapter 562A in any way changed the common-law rule that "a showing of diligence in reletting the premises is an essential element of |a landlord's] right to recover." *Vawter v. McKissick,* 159 N.W.2d 538, 542 (Iowa 1968).[1] We therefore reaffirm our *Vawter* holding: "[I]n an action brought by a landlord against a tenant who has wrongfully abandoned the leased premises prior to the expiration of the term, the landlord must allege and prove what [was done] in attempting to rerent the premises after [the landlord] knew or should have known they were abandoned." *Id.*

■ The landlord did not present *any* evidence that attempts were made to rerent the unit abandoned by Frost. The only evidence presented on the subject was *Frost's* exhibit indicating that from March 30 through April 7 and from April 25 through the end of the term of Frost's rental agreement other people were billed for utilities at the dwelling unit. Eilers then admitted the unit was rented to these people but refused to provide further information. "[I]t is plaintiff who fails if evidence is not introduced sufficient in quantity and quality to justify a finding of reasonable diligence." *Vawter,* 159 N.W.2d at 542. We conclude the landlord failed to establish an essential element of its claim—what attempts were made to rerent the abandoned unit—and therefore failed to establish it was entitled to recover any portion of April rent from Frost.

■ Even were we to consider the evidence submitted by Frost as sufficient to establish that the landlord attempted to rerent the unit, section 562A.29(3) treats the rerenting of an abandoned unit as a termination of the prior rental agreement. *Id.* ("If the landlord rents the dwelling unit for a term beginning prior to the expiration of the rental agreement, it is deemed to be terminated as of the date the new tenancy begins.") Eilers admitted that the unit was rented to Gordon on March 30, 1994. Frost's rental agreement was therefore statutorily deemed terminated on March 30 and the landlord has no claim against Frost for April rent. We reverse the district court's award for rent.

■ Frost next contends the district court erred in awarding damages for debris removal. Frost alleges the landlord's duty to remove debris arises from Iowa Code section 562A.15(1)(e), which provides in pertinent part that "the landlord shall . . . [p]rovide and maintain appropriate receptacles and conveniences, accessible to all tenants, for the central collection and removal of . . . garbage . . . and arrange for their removal." We think Frost reads the provision too broadly. The landlord's duty to "arrange for

1. Iowa has long recognized a landlord's duty to mitigate damages. *See Benson v. Iowa Bake–Rite Co.,* 207 Iowa 410, 417, 221 N.W. 464, 467 (1928); *Roberts v. Watson,* 196 Iowa 816, 820, 195 N.W. 211, 212–13 (1923). This principle is not displaced by chapter 562A. In fact, chapter 562A codifies the duty to mitigate. *See* Iowa Code § 562A.4(1) ("aggrieved party has a duty to mitigate damages") and § 562A.29(3) ("landlord shall make reasonable efforts to rent" abandoned dwelling unit).

removal" does not necessarily require actual removal by the landlord. Nor does it necessarily require that the landlord pay for removal.

■ Nonetheless, we agree with Frost that the landlord is not entitled to recover if no evidence substantiates that actual damage has been sustained. Section 562A.32 provides the landlord "may have a claim ... for *actual damages* for breach of the rental agreement." (Emphasis added.) Even though the aim of the small claims statute is "to secure adjudication of demands for limited amounts quickly, simply, and inexpensively," *Roeder,* 321 N.W.2d at 4, "[j]udgment shall be rendered, based upon ... a preponderance of evidence." Iowa Code § 631.11(4).

Here, the landlord did not present any testimony or other evidence to support the value of its demand for debris removal. In fact, the landlord did not present evidence that Frost's debris was removed. Absent evidence that actual damages were sustained, it was error to award any sum for debris removal. We reverse the award made for debris removal.

■ Finally, Frost contends the district court erred in assessing all costs to her, even though she was at least partially successful on her small claims appeal. We agree.

IV. *Summary.*

We reverse the award for unpaid rent because the landlord failed to allege and prove what it did in attempting to rerent the abandoned unit. We reverse the award for debris removal because the landlord presented no evidence to substantiate that actual damage was sustained. We remand to the district court for entry of judgment in Frost's favor on her claim for return of her deposit, for reassessment of costs, and for consideration of her claim for attorney fees.

**REVERSED AND REMANDED WITH DIRECTIONS.**