# IN THE SUPREME COURT OF IOWA

No. 15–1348

Filed May 19, 2017

Amended July 19, 2017

**JOAN WALTON,**

    Appellee,

vs.

**MARTIN GAFFEY,**

    Appellant.

_____

    Appeal from the Iowa District Court for Johnson County, Patrick R. Grady, Judge.

    A landlord appeals a district court's ruling on summary judgment that certain lease provisions are prohibited under the Iowa Uniform Residential Landlord and Tenant Act and that certified a class of tenants. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

    James W. Affeldt and Nicholas J. Kilburg of Elderkin & Pirnie, P.L.C., Cedar Rapids, for appellant.

    Christopher Warnock of The Iowa Tenants' Project, Iowa City, and Christine Boyer of The Iowa Tenants' Project, Iowa City, for appellee.

**HECHT, Justice.**

A tenant brought this action alleging her lease included several provisions known by the landlord to be prohibited under the Iowa Uniform Residential Landlord and Tenant Act (the Act). Claiming status as an appropriate representative of other similarly situated residential tenants, the tenant requested certification of a class. On interlocutory appeal challenging a summary judgment in favor of the tenant and an order certifying a class of tenants, the landlord contends (1) the lease provisions are not prohibited under the Act; (2) the tenant has no claim for damages because even if the lease provisions are prohibited under the Act, the landlord did not enforce them against the tenant; and (3) the district court erred in certifying the class. Upon review, we conclude some, but not all, of the challenged lease provisions are prohibited under the Act and we reverse and remand on class certification.

## I. Background Facts and Proceedings.

Tenant Joan Walton entered into a rental agreement with landlord Martin Gaffey on March 14, 2014, for a lease term that ended on July 29, 2015. The agreement included provisions imposing fees, charges, and liquidated damages in the event of various occurrences. Paragraph 7 prescribed a charge of $35 if the tenant's check was returned for insufficient funds. Paragraph 8 imposed a "processing administrative fee" of $35 for "issue and service of each 3-DAY NOTICE TO PAY UNPAID RENT." Paragraph 12 established an administrative fee of $40 if the tenant failed to register utilities in her name. Paragraphs 13 and 27 prescribed a fee in the same amount in the event the tenant failed to keep the utilities registered in her name until the end of the lease term. A fine of $500 was imposed under paragraph 22 of the agreement if the tenant was "caught smoking in [the] dwelling unit or interior common

area" of the property. Service calls precipitated by noise complaints, trash removal, parking violations, unauthorized pets, or posting notices to the tenant would result in a "minimum trip charge" of $50 payable by the tenant under paragraph 24 of the agreement. A minimum service charge of $50 was established in paragraph 25 in the event the tenant was locked out of the abode and requested the landlord's assistance in regaining access after normal working hours. An administrative fee of $40 for each new approved occupant and a fee of $100 for each unapproved new occupant were prescribed in paragraph 26. A fee of $200 was charged in paragraph 27 in the event the tenant should sublease the unit. A fee of $500 for keeping an unauthorized animal in the unit was established under paragraph 28 of the agreement. A fee of $100 was imposed in paragraph 37 for each inspection attempted by the landlord as a result of the tenant's failure to vacate the premise after termination of the agreement.

The agreement also included provisions purporting to limit the landlord's liability or exculpate him entirely for some types of damages or losses. For example, paragraph 16 provided as follows:

> Subject to other remedies at law, if LANDLORD is unable to give TENANT possession at the beginning of the term, the rent shall be rebated on a pro rata basis until possession can be given, which rebated rent shall be accepted by TENANT as full settlement of all damages occasioned by said delay, and if possession can not be delivered within ten days of the beginning of said term, this lease may be terminated by giving prior written notice of such termination.

Paragraph 20(e) addressed the landlord's liability for appliance failures. This provision provided in relevant part:

> In the event of the failure of an appliance that is furnished by LANDLORD under this rental agreement, LANDLORD'S sole responsibility shall be the repair or replacement of the appliance at the LANDLORD'S sole discretion. In no event or

circumstance will LANDLORD be responsible for any loss of use or consequential damages caused by said appliance failure.

Paragraph 23 of the agreement further provided that "LANDLORD shall not be liable for damage or loss of any of the TENANT'S personal property for any cause whatsoever."

The agreement also addressed the subject of carpet cleaning. Paragraph 29 provided in relevant part that "LANDLORD shall have all carpeting professionally shampooed, paid out of tenants security deposit."[1]

Walton filed this action against Gaffey seeking a declaration that each of the lease provisions mentioned above violated the Act. In particular, Walton alleged the provisions imposing fees, charges, and liquidated damages in the event of various occurrences violated Iowa Code sections 562A.11(1), 562A.27, and 562A.32 (2015) because a landlord may recover only actual damages under the Act. Walton's petition further asserted the various provisions limiting or exculpating Gaffey's liability violated section 562A.11(1). In addition, the petition alleged the lease provisions allocating to her the cost of carpet cleaning are prohibited under the Act because they purport to impose the cost of carpet cleaning whether or not cleaning was necessary to restore the dwelling to its condition at the commencement of the lease, ordinary wear and tear excepted, and because they authorized withholding the cost of such cleaning from the security deposit.[2] The petition sought

---

[1]Gaffey's "Tenant Rules and Regulations" also addressed the subject of carpet cleaning, stating that the "[c]arpet has been cleaned prior to move-in and is required to be cleaned at move out and at TENANT'S expense only by approved or authorized firms. At time of move-out a copy of the receipt for cleaning is to be provided to LANDLORD."

[2]Although Walton's petition challenged other lease provisions as well, we confine our discussion to those provisions that were addressed in the district court's summary judgment ruling.

judgment for actual and punitive damages, injunctive relief, and attorney fees. Gaffey's answer denied the agreement's provisions violate the Act and urged dismissal of the action.

**A. Motion for Partial Summary and Declaratory Judgment.** Walton filed a motion for partial summary and declaratory judgment. The motion sought a declaration that the above-mentioned lease provisions imposing charges, fines, penalties, liquidated damages, or other fees are prohibited because, Walton contended, a landlord can recover only actual damages from tenants under the Act. Walton further urged the court to enter summary judgment declaring that the lease provision imposing an automatic carpet-cleaning charge and withholding it from her security deposit violates the Act.[3] Walton's motion also sought a summary declaration that paragraphs 20 and 23 of the lease violate section 562A.11(1)(*d*) of the Act because they purport to limit or exculpate Gaffey's liability arising under law. In addition, Walton urged the court to declare that Gaffey is liable under the Act as a matter of law for willfully using the prohibited lease provisions even if he did not attempt to enforce them against her.

In his resistance to the tenant's motion for partial summary judgment, Gaffey contended the contested provisions are neither prohibited under Iowa Code section 562A.11(1) nor unconscionable under section 562A.7(1)(*a*). In the alternative, Gaffey asserted that Walton has asserted no claim that is ripe for adjudication because the

---

[3]Walton's motion for summary judgment asserted that whether the cost of carpet cleaning is withheld from her security deposit or paid to an authorized cleaner, the Act does not permit Gaffey to impose—without inspection—the cost of cleaning a carpet that is not in need of cleaning.

challenged provisions were not enforced against her.[4] The landlord further asserted that even if any of the challenged provisions is determined to be prohibited under the Act, the record does not support a finding that he willfully used it with knowledge of its prohibition. Based on these assertions, Gaffey urged the motion for summary judgment be denied.

**B. Motion for Class Certification.** Walton also filed a motion requesting she be certified as representative of a class consisting of all of Gaffey's tenants who signed "the same or substantially similar standard leases and lease rules."[5] The motion requested the court adjudicate for the entire class (1) whether the terms of the lease violated the Act, and (2) whether Gaffey knowingly and willfully used a rental agreement containing prohibited provisions.

Gaffey resisted the certification of the proposed class of tenants, contending Walton is not a proper representative of the purported class because the challenged lease provisions were not enforced against her. Contending Walton has suffered no injury as a consequence of the inclusion of the challenged provisions in the lease agreement, Gaffey posited that Walton lacks standing to proceed with her claims and is therefore not a proper class representative. Certification should also be denied in this instance, Gaffey asserted, because individual claims and defenses predominate over common issues across the putative class.

---

[4]In an affidavit filed in support of his resistance to the motion for summary judgment, Gaffey attests that he does not invoke the carpet-cleaning provision in every case and instead makes a case-by-case determination whether cleaning is required.

[5]Gaffey has admitted in this case that the lease provisions that are the subject of this case were part of his rental agreements with more than fifty tenants.

**C. District Court's Summary Judgment Ruling.** The district court granted Walton's motion for partial summary judgment. Reasoning that Gaffey owes his tenant a duty of due care to protect them from injury, the court declared that paragraph 20(e) (limiting landlord's liability for any loss of use or consequential damages arising from appliance failure) and paragraph 23 (landlord not liable for damage or loss of any of the tenant's personal property for any cause whatsoever) of the agreement purport to exculpate or limit the landlord's liability in violation of Iowa Code section 562A.11(1)(*d*).

The district court further concluded the lease provisions imposing the fees, charges, and liquidated damages detailed above were prohibited under the Act. Citing our decision in *D.R. Mobile Home Rentals v. Frost*, 545 N.W.2d 302 (Iowa 1996) (per curiam), the district court concluded the Act allows landlords to recover only actual damages from their tenants. Because the fees, charges, and liquidated damages were set "without any consideration of what the landlord's actual damages and fees would be in each situation," the court concluded the lease provisions violate the Act.

The court also decided the carpet-cleaning provision was prohibited under the Act because it automatically imposed on Walton a fee without regard to whether the carpet was clean at the end of the lease term and because it authorized Gaffey to withhold the cost of the cleaning from the security deposit without proof that such cleaning was necessary to restore the dwelling unit to its condition at the commencement of the tenancy, ordinary wear and tear excepted. The court concluded, however, that the question of whether Gaffey willfully used the prohibited provisions is a disputed question of fact for the fact finder.

In reaching its summary judgment conclusions, the district court relied on an unpublished decision of our court of appeals in *Staley v. Barkalow,* No. 12–1031, 2013 WL 2368825 (Iowa Ct. App. May 30, 2013). In *Staley*, the plaintiffs were tenants who alleged their landlord used several lease provisions prohibited under Iowa Code section 562A.11(1). *Staley*, 2013 WL 2368825, at *2. The tenants in that case challenged the lease provisions on the grounds they constituted illegal indemnity and exculpatory clauses, required tenants to pay rent even if the landlord failed to deliver possession of the premises at the commencement of the lease term, and illegally required tenants to pay for maintenance and repair of the premises, carpet cleaning, and property damages caused by third-party vandals. *Id.* at *2–3. The defendant landlord contended it had no liability to the tenants under chapter 562A for lease provisions that were included in the lease but not enforced. *Id.* at *4–5. The district court denied the *Staley* tenants' motion for partial summary judgment, concluding the landlord had no liability to the tenants under section 562A.11(2) for including any lease provisions that were not enforced against them, and denied a motion to certify a class of similarly situated plaintiffs. *Id.* at *5–6. Our court of appeals reversed, concluding a landlord "willfully uses" a lease provision prohibited under the Act by willfully including it in a lease. *Id.* at *8. The court of appeals also found the district court abused its discretion in refusing to certify the class of tenants. *Id.* at *12.

We granted Gaffey's application for interlocutory review.

## II. Scope and Standards of Review.

The relevant scope and standards of review are detailed in another of this court's opinions, filed today. In *Kline v. Southgate Property Management, L.L.C.*, a case involving similar issues, we said,

Generally, our standard of review for a declaratory judgment ruling depends on whether the action was tried at law or in equity in the district court. When we review a declaratory ruling entered on summary judgment, however, our scope of review is for correction of errors at law. Summary judgment rulings based on statutory interpretation are reviewed for correction of errors at law.

We review a district court's rulings on certification of a class for an abuse of discretion. The district court "enjoys broad discretion in the certification of class action lawsuits." Iowa's "class-action rules are remedial in nature and should be liberally construed to favor the maintenance of class actions." A district court abuses its discretion when its "grounds for certification are clearly unreasonable."

895 N.W.2d 429, 436 (2017) (citations omitted) (first quoting *Legg v. W. Bank*, 873 N.W.2d 756, 758 (Iowa 2016) and then quoting *Anderson Contracting, Inc. v. DSM Copolymers*, 776 N.W.2d 846, 848 (Iowa 2009)).

**III. Analysis.**

We first address Gaffey's contention that the district court erred in concluding a tenant against whom a rental agreement provision has never been enforced has standing to sue her landlord under chapter 562A. We then turn to Gaffey's alternative contention that even if such a tenant could have standing to challenge a prohibited rental agreement provision, the district court erred in concluding any of the provisions assailed by Walton are prohibited under section 562A.11(1). Lastly, we address Gaffey's assertion that the district court abused its discretion in certifying a class of tenants in this action.

**A. Standing.** Because it is undisputed that he has made no attempt to enforce the challenged lease provisions against Walton, Gaffey argues the summary judgment record is devoid of evidence of any injurious effect necessary to sustain standing to sue. Accordingly, Gaffey suggests, Walton's claims in this case are purely hypothetical or academic—not concrete, ripe, and justiciable. We rejected these

arguments in *Kline* and reject them here for the same reasons. *See Kline*, 895 N.W.2d at 436–37.

**B. Fees, Charges, and Liquidated Damages Provisions.** The district court concluded all of the challenged fees, charges, and liquidated damage provisions in the leases are prohibited under the Act "because they were set without any consideration of what the landlord's actual damages and fees would be in each situation." As we have already noted, the district court reached this conclusion because it believed our decision in *Frost* required it. *See Frost*, 545 N.W.2d 302. Gaffey contends reversal is required on this issue because the fees, charges, and liquidated damages provisions challenged by the tenant in this case are not prohibited under the Act. We resolved this issue in the landlord's favor in *Kline*. For the reasons we articulated there, we conclude the summary judgment ruling in Walton's favor on this issue must be reversed. *See Kline*, 895 N.W.2d at 441.

As in *Kline*, however, we emphasize that

> the district court did not decide whether any of the fees, charges, and liquidated damage provisions challenged in this case by the tenants are unconscionable under section 562A.7 or unenforceable penalties under any other principle of law or equity supplementing the Act.

*Id.* at 442. Accordingly, those issues remain for resolution in proceedings on remand.

**C. Carpet-Cleaning Provision.** The district court concluded the carpet-cleaning provision in paragraph 29 of Gaffey's rental agreement is prohibited because it provides for automatic cleaning whether the carpet needs cleaning or not and authorizes withholding of the cost of such cleaning from the security deposit. Gaffey contends the district court erred on this issue because the record demonstrates the provision is not

automatically invoked against tenants and because it is properly understood as the parties' expression of their expectations of cleanliness at the beginning and end of the lease term. In other words, Gaffey explains, the professional carpet-cleaning requirement ensures the carpet is returned to the condition it was in at the commencement of the lease term, ordinary wear and tear excepted. *See* Iowa Code § 562A.12(3)(*a*)(2) (permitting withholding such amounts from a security deposit as are reasonably necessary "[t]o restore the dwelling unit to its condition at the commencement of the tenancy, ordinary wear and tear excepted").

We addressed the legality of an automatic carpet-cleaning provision in a residential rental agreement in *De Stefano v. Apts. Downtown, Inc.*, 879 N.W.2d 155 (Iowa 2016). The agreement in that case provided,

> The carpets throughout the building are professionally cleaned each time apartments turn over occupancy. Tenants agree to a charge starting at $95 (efficiency) not to exceed $225 (6+ bedrooms) being deducted from the deposit for professional cleaning at the expiration of the Lease.

*Id.* at 160. We decided that the provision conflicted with the Act because "it generates an automatic deduction from the rental deposit even when none of the conditions of section 562A.12(3) have been met." *Id.* at 185. We acknowledged in *De Stefano*, however, that Iowa Code section 562A.12 "clearly authorizes the deduction of carpet-cleaning costs from rental deposits if necessary to restore the dwelling to the condition at the commencement of the tenancy, beyond the ordinary wear and tear." *Id.* at 186. We expressly left room for the possibility that "a landlord may be able to impose a nonrefundable charge on tenants for automatic carpet cleaning" not affecting the rental deposit. *Id.*

In *Kline*, we concluded the district court erred in declaring the landlord's carpet-cleaning provision was prohibited under section 562A.12(3). We reasoned that the language of the rental agreement in that case was not reasonably understood as an authorization for *automatic* withholding of the cost of carpet cleaning from a security deposit. It was, we concluded, instead "a provision establishing a benchmark for the condition of the carpet—a clean carpet—at the commencement of each tenancy from which subsequent assessments of ordinary wear and tear can be measured." *Kline*, 895 N.W.2d at 444; s*ee also De Stefano*, 879 N.W.2d at 186.

In this case, the carpet-cleaning provision in paragraph 29 of Gaffey's rental agreement with Walton provides: "Landlord shall have all carpeting professionally shampooed, paid out of tenants' security deposit." It authorizes the landlord to undertake professional carpet cleaning and deduct the cost from the security deposit without regard to whether the cleaning is necessary to restore the carpet to its condition at the commencement of the tenancy. We think this provision is more like the carpet-cleaning provision in *De Stefano* than the one in *Kline*. Accordingly, we affirm the district court's determination that the carpet-cleaning provision in paragraph 29 is unenforceable under law. *See De Stefano*, 879 N.W.2d at 186. Our confidence in the conclusion that the subject provision is unenforceable is not diminished by the undisputed fact that Gaffey made no effort to enforce the provision against Walton; neither is it diminished by Gaffey's assertion—supported by substantial evidence in the summary judgment record—that he exercises discretion in enforcing the provision and only does so when necessary under the circumstances. As written, paragraph 29 amounts to an agreement by Walton to waive her right to insist that Gaffey

withhold from the security deposit only such amounts as are reasonably necessary to restore the carpet to its condition at the commencement of the tenancy, ordinary wear and tear excepted. *See* Iowa Code § 562A.12(3)(*a*)(2). We therefore affirm the district court's conclusion that the carpet-cleaning provision in paragraph 29 of the rental agreement is a prohibited provision.[6] *See id.* § 562A.11(1)(*a*).

**D. Certification of the Class.** Gaffey contends the district court made both procedural and substantive errors in certifying the class of tenants. In certifying the class, the district court again relied on the decision of the court of appeals in *Staley*, a case brought by tenants making similar claims against a different landlord. *Staley*, 2013 WL 2368825, at *10. Gaffey contends the district court in this case relied solely on the certification decision in *Staley* and assumed—without performing an independent analysis and making findings of fact as to the substantive criteria for class certification—that certification is appropriate in this case and Walton is a suitable representative of the class.

Today we reversed the certification of a class of tenants in *Kline*. *See Kline*, 895 N.W.2d at 432–33. The certification of a class in this case is procedurally flawed for the same reasons and must therefore be reversed. As in *Kline*, however, our ruling should not be understood as a determination that Walton cannot establish the grounds for certification

---

[6]We acknowledge that under Gaffey's tenant rules, Walton could avoid the deduction of the cost of mandatory carpet cleaning from the security deposit by hiring a professional approved by Gaffey to undertake the cleaning and by providing a receipt evidencing payment for the service. We conclude, however, that the provision still violates the Act. An unauthorized deduction from the security deposit does not become authorized merely because the tenant can avoid it by making a separate payment.

of a class. On remand, the court should make the findings required under Iowa Rule of Civil Procedure 1.263(1).

### IV. Conclusion.

We affirm the district court's declaration that paragraphs 20(e), 23, and 29 of Gaffey's rental agreement constitute prohibited provisions. We reverse the district court's declaration that the other lease and rule provisions challenged by Walton are categorically prohibited. We also reverse the class-certification ruling and remand for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**